Honorable John D. Hughes Hood County Attorney Room 6, County Courthouse Granbury, Texas 76048
Re: Whether a county clerk is required to notify nondeveloper owners of land in a subdivision of a developer's request to revise a subdivision plat
Dear Mr. Hughes:
Article 6626e, V.T.C.S., provides for the revision by developers of subdivision plats subject to the subdivision controls of the county and filed for record with the county clerk. See art. 6626e, § 1; cf. Attorney General Opinion JM-365 (1985). Section 3 of article 6626e provides that the county commissioners court shall permit the revision if it is shown either that the revision will not interfere with the established rights of any owner of a part of the subdivided land or, if the revision will interfere with such owners' rights, that the owners have agreed to the revision. Section 2 of the act provides for notice of the proposed revision by general publication and by specific notice to the nondeveloper owners of the subdivided land.
You ask two questions about the notice provisions of article 6626e. Your first question is whether section 2 requires the county to send notice to nondeveloper owners of part of the subdivided tract or whether the county clerk may require the developer to notify nondeveloper owners. Your second question relates to large subdivisions which have been platted in smaller units. You ask whether all nondeveloper owners in the subdivision must be notified or whether notice may be sent only to those nondeveloper owners of land in the unit of the subdivision that is subject to revision.
Section 2 of article 6626e provides:
 (a) After the application is filed with the commissioners court, the court shall cause a notice of the application to be printed in a newspaper of general circulation in the county. The notice must include a statement of the time and place at which the commissioners court will meet to consider the application and to hear protests to the revision of the subdivision plat.
 (b) The notice must be published at least three times within the period beginning on the 30th day and ending on the seventh day before the date of the meeting.
 (c) If all or part of the subdivided tract has been sold to nondeveloper owners, notice shall also be given to each owner, at his address on said tract, by certified mail or registered mail, return receipt requested. (Emphasis added).
Resolution of your first question depends on whether subsection (c) was intented to place a duty on the commissioners court to notify nondeveloper owners.
Statutory construction depends on a determination of legislative intent. The language of a statute is the primary guide in determining legislative intent. The language and syntax of section 2 indicate that the legislature intended that the county commissioners court notify nondeveloper owners of proposed subdivision revisions. Subsection (a) of section 2 refers to the commissioners court and expressly requires "the court" to cause notice to be printed in a newspaper of general circulation in the county. Subsection (c) states that "notice shall also be given to each owner. . . ." Although subsection (c) does not refer expressly to the commissioners court, the use of the word "also" indicates that subsection (c) imposes an additional notice responsibility on the county commissioners court.
You also ask whether all nondeveloper owners in the subdivision must be notified or whether the county may limit notice to nondeveloper owners of land in the unit of the subdivision that is subject to revision. If one subdivision plat could be divided into smaller units for purposes of determining which landowners to notify, a core purpose of the notice requirements would be violated. Subsection (c) of section 2 states that "[i]f all or part of the subdivided tract has been sold to nondeveloper owners, notice shall also be given to each owner. . . ." (Emphasis added). This subsection refers to "each" nondeveloper owner of land in the "subdivided tract;" it does not limit notice to owners in some smaller "affected portion" of the subdivision. Nor does it limit notice to owners in the "subdivision plat." Even if one subdivision is platted in various units, it remains one subdivision. Consequently, the legislature must have intended that the county notify all nondeveloper owners in the subdivision of proposed revisions in the subdivision plat, including revisions in any smaller unit plat of the subdivision.
 SUMMARY
Subsection (c) of section 2 of article 6626e, V.T.C.S., places the duty on the county commissioners court to notify all nondeveloper owners of all or part of a subdivided tract of a proposed revision of the subdivision plat, including revisions in any smaller unit plat of the subdivision, filed for record with the county clerk.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General